**Gary L. PALMER, Plaintiff,**

v.

**Marion BARRY, et al., Defendants.**

**Civ. A. No. 87–1304–LFO.**

United States District Court,
District of Columbia.

Jan. 26, 1989.

Frank Petramalo, Jr., Denis F. Gordon, Brad W. Spencer, Gordon & Barnett, Washington, D.C., for plaintiff.

George C. Valentine, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

OBERDORFER, District Judge.

In a Memorandum and Order filed on September 30, 1988, (available on WESTLAW, 1988 WL 104951) the court found that the delay in plaintiff's accession to Deputy Chief for the Communications Division of the District of Columbia Fire Department was discriminatory in violation of Title VII. Accordingly, the court found that plaintiff was entitled to back pay equal to the difference between the salary and benefits that he received as Battalion Chief and what they would have been if he had been promoted to Deputy Chief within 10 days after the Mayor's office received Chief Coleman's 1982 recommendation and had remained in that position until he retired on August 25, 1985, plus pre-judgment interest at 6 percent per annum from that date, August 25, 1985. By order filed on November 3, 1988, the court entered judgment for plaintiff for back pay in the amount of $9495.00, pay for unused annual leave in the amount of $1286.00, and $2059.00 in pre-judgment interest. The court also ordered defendants to make whatever adjustment in plaintiff's retirement annuity is necessary to place plaintiff in the position he would have been in if he had been promoted to Deputy Fire Chief in 1982, and ordered that such necessary adjustment be made retroactive to September 1, 1985. Finally, the court ordered that plaintiff be awarded reasonable attorneys fees and costs incurred in bringing this action. A status call was held on November 17, 1988, at which time counsel indicated that they had been unable to reach a settlement of the fee matter. Pursuant to colloquy with counsel, the court established a briefing schedule for the litigation of the remaining fee issues.

█ On December 1, 1988, plaintiff filed a Petition for Attorneys Fees and Costs, requesting an award of fees in the amount of $84,622.50, later revised to $85,942.50 to account for eight additional hours spent researching and writing plaintiff's Reply to Defendants' Opposition to Attorneys' Fees Petition, and costs in the amount of $3,462.58. On January 5, 1989, defendants filed an opposition to plaintiff's motion, arguing, *inter alia*, that the fee petition is flawed because it does not separate the claim on which plaintiff prevailed and the claim on which he did not prevail. Defendants contend that because the court rejected plaintiff's constructive discharge claim, and found that defendants had given evidence of non-discriminatory reasons for their failure to promote plaintiff after mid-1984, and because plaintiff did not separate any of the work done in this case in preparing the portion of his claim that relates to alleged discriminatory conduct of defendants after mid-1984, plaintiff's discovery efforts directed at the defendants' conduct after 1984 is not compensable. However, as the court concluded in its order denying defendants' Motion for Modification of Judgment,

while this court found that defendants have adduced evidence of nondiscriminatory reasons for their failure to promote plaintiff after mid–1984, the court did not find that plaintiff's allegations of discrimination after mid–1984 were unconnected with his allegations of discrimination before that time. In fact, this court found that the evidence at trial confirmed plaintiff's *prima facie* showing that 'someone caused the Fire Chief to keep the fully qualified white plaintiff out of the new position until he retired so that the position could be given to his black successor.' To remedy that discrimination, the court awarded plaintiff back pay and benefits as if he had been promoted to Deputy Fire Chief in 1982 and remained in that position until he retired on August 25, 1985.

Order filed November 18, 1988 at 2.

Furthermore, plaintiff's constructive discharge claim involved the same operative core of facts on which the court found that the delay in plaintiff's accession to Deputy Chief for the Communications Division was discriminatory in violation of Title VII. *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983), established that "where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." In this case, plaintiff did not fail to prevail on any claims that were unrelated to the claims on which he succeeded. Therefore defendants' argument for a reduction of attorneys' fees because plaintiff did not prevail on all of his claims must fail.

■ Defendant also argues that plaintiff has not filed any supporting documentation establishing that his counsel's hourly rates are consistent with the prevailing market rates. In the declaration of counsel supporting the petition for fees and costs, counsel for plaintiff states that his firm's current rate for partners' time is $165 per hour. In other cases there is evidence, which can be noticed judicially, that $175 per hour was the reasonable hourly rate in 1983 for lawyers with 20 years or more

experience. *See Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C.Cir.1988) (overruling *Laffey v. Northwest Airlines*, 746 F.2d 4 (D.C.Cir.1984), but commending use of *Laffey* table in order to arrive at reasonable community rates without burdening courts with fee litigation.) Moreover, based on this court's experience with fee petitions, an hourly rate of $165 for lawyers who have 20 years of experience in federal litigation is reasonable.

Defendant further contends that the time claimed by plaintiff for various assignments appears excessive. However, in his Reply to Defendants' Opposition to Attorneys' Fees Petition, plaintiff has provided a satisfactory explanation for the hours spent on various tasks and the court is persuaded that the time allocated for the assignments was not excessive. Quibbling about the amount of time that should, in hindsight, be spent by a lawyer on a task in litigation is one of the causes of the concern expressed by our Court of Appeals in *National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1330 (D.C.Cir.1982), that "an unnecessary volume of attorney fee disputes are coming before the District Court as well as this Court."

■ Finally, defendants argue that plaintiff's request in his fee petition for reimbursement for expenses for photocopying by plaintiff's firm and travel expenses for a District of Columbia Fire Department official is questionable. Plaintiff's request for reimbursement of photocopying expenses in the absence of corresponding entries explaining summarized costs should be denied without prejudice to a demonstration of entitlement to supplemental reimbursement of these costs if presented to the satisfaction of defendants or the court. With regard to plaintiff's request for reimbursement for travel expenses of Mr. Michael Tippett, defendants' claim that Mr. Tippett should have been in Washington readily available for trial is without merit.

Accordingly, it is this 26th day of January, 1989, hereby

ORDERED: that plaintiff's Petition for Attorneys Fees and Costs shall be granted in part, and denied without prejudice in part; and it is further

ORDERED: that defendants shall pay plaintiff's attorneys fees in the amount of $85,942.50, and plaintiff's expenses in the amount of $2,664.00, (which represents the request for $3,462.58 minus photocopying expenses of $798.58).